IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HENRY GRAJALES JR.,** | : | |
| | : | |
| **Plaintiff** | : | Civil Action No. 1:07-cv-1876 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **OFFICER TIMOTHY HUTCHESON and** | : | |
| **WEST SHORE REGIONAL POLICE** | : | |
| **DEPARTMENT,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Henry Grajales Jr., proceeding pro se, initiated the above-captioned action on October 16, 2007, with the filing of a two-page complaint against Defendants Officer Timothy Hutcheson and the West Shore Regional Police Department (the "Police Department"). (Doc. No. 1.) Accompanying the complaint was an affidavit of poverty and a motion for leave to proceed in forma pauperis (Doc. No. 2), which the Court granted in an order issued December 26, 2007 (Doc. No. 4). The complaint, in its entirety, reads as follows:

> On [March 28, 2007,] Officer Timothy Hutcheson stated to me, "A black male wearing dark clothing 'at night' is automatically a suspect in a crime." And Timothy Hutcheson also entered false documentation into court [sic] record. Mr. Hutcheson entered a Duly Sworn, signed and date document, reporting a victim reported a Black male suspect. Later Officer Hutcheson admitted the documentation was false under oath. Using the false documentation Officer Hutcheson presented a prima fascia [sic] case against Plaintiff Henry Grajales Jr. Henry Grajales Jr. claims false arrest, false documentation, and false imprisonment under Title 5 [of the Civil Rights Act of] 1964 and 18 [U.S.C.] § 1621.
>
> Plaintiff prays that this Honorable Court grants full requested relief [and] issue an award of punitive damages. Plaintiff will be requesting a criminal complaint against defendant.

(Id. at 1–2.)  In the civil cover sheet attached to the complaint, Grajales adds that he is seeking $10 million in damages.  (Doc. No. 1, at 3.)  Before the Court is a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), Fed. R. Civ. P. 12(b)(6), by Officer Hutcheson and the Police Department, (Doc. No. 7).  For the reasons that follow, the motion will be denied.

### I.    STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is properly granted when, accepting all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law.  Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  Although the moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2007), the complaint must allege facts sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citations omitted).  Moreover, in order to satisfy federal pleading requirements, a plaintiff's obligation "to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting Twombly, 127 S. Ct. at 1964–65).  In adjudicating a motion to dismiss, "a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint."  S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, 181 F.3d 410, 426 (3d Cir. 1999).

## II.   FACTUAL BACKGROUND

The Court takes judicial notice of the docket in Commonwealth of Pennsylvania v. Henry Grajales Jr., No. CP-21-CR-1212-2007 (Ct. Com. Pl. of Cumberland County 2007) (docket available at http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=200625314). According to the docket, and consistent with the complaint, Officer Hutcheson of the West Shore Regional Police Department arrested Grajales on March 28, 2007. (Id. at 2.) On July 3, 2007, Grajales was formally arraigned before Judge M.L. Ebert Jr. of the Court of Common Pleas of Cumberland County and charged with loitering and prowling at night time in violation of the Pennsylvania Crimes Code, 18 Pa. Cons. Stat. Ann. § 5506 (2008), a misdemeanor of the third degree, (id.). On September 11, 2007, after a two-day trial, a jury found Grajales guilty as charged, and, by an order issued October 16, 2007, Judge Ebert sentenced Grajales to two days' confinement. (Id. at 5–6.) Grajales subsequently appealed the order to the Superior Court of Pennsylvania, which has yet to issue a ruling. See generally Commonwealth of Pennsylvania v. Henry Grajales Jr., No. 1874 MDA 2007 (Pa. Sup. Ct. 2007) (docket available at http://ujsportal.pacourts.us/DocketSheets/SuperiorCourtReport.aspx?docketNumber=1874%20MDA%202007).

## III.   DISCUSSION

In their motion to dismiss, Officer Hutcheson and the Police Department take the liberty of construing Grajales's complaint as one brought pursuant to 42 U.S.C. § 1983 and argue that the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), bars any challenge to Grajales's arrest and subsequent imprisonment (Doc. No. 9 at 4–5). In his brief in opposition, Grajales faults Defendants for reading § 1983 into his complaint and maintains that he "filed

3

[his] complaint under title 5 CRA 1964 [sic] not 42 U.S.C. § 1983." (Doc. No. 10 at 3.) But, other than bald assertions, Grajales does not explain or so much as hint at how he intends to prosecute claims for unlawful arrest and false imprisonment under Title V of the Civil Rights Act of 1964 or, as he alleges in his complaint, 18 U.S.C. § 1621. (See Doc. No. 1 at 1–2.) Significantly, neither Title V of the Civil Rights Act of 1964, 42 U.S.C. § 1975, which describes the composition and duties of the Commission on Civil Rights, or 18 U.S.C. § 1621, which prescribes penalties for perjury committed in federal proceedings, provides Grajales with a cause of action.

      The question of how exactly Grajales intends to prosecute his claims—specifically, whether Grajales has a valid cause of action and whether this Court has jurisdiction over his claims—is potentially dispositive of the instant motion, for, while Heck presents a possible bar to actions seeking damages attributable to conviction or confinement, that decision has no effect outside the realm of § 1983. Moreover, "[i]t is hornbook law that the jurisdiction of the federal court must appear in the plaintiff's statement of his claim." Smith v. Spina, 477 F.2d 1140, 1143 (3d Cir. 1973). Yet, even the most liberal reading of the complaint fails to disclose any alleged facts that would justify the Court in assuming jurisdiction on the pleaded grounds. See Hildebrand v. Honeywell, Inc., 622 F.2d 179, 181 (5th Cir. 1980) (explaining that a "district court has a duty under Rule 8(a) of the Federal Rules of Civil Procedure to read the complaint liberally and determine whether the facts set forth justify it in assuming jurisdiction on grounds other than those pleaded.").

      Nevertheless, construing the complaint in such a way as to deliberately bring it within the reach of Heck without allowing Grajales an opportunity to provide a more definite statement

would be unjust, and, therefore, the motion to dismiss must be denied. See, e.g., Hampton v. Hanrahan, 522 F. Supp. 140, 150 (N.D. Ill. 1981) (permitting plaintiffs to amend complaint where complaint "fail[ed] to include the basis for this court's jurisdiction over any particular defendant on any specific cause of action") but see, e.g., Uhler v. Pennsylvania, 321 F. Supp. 490, 491–92 (E.D. Pa. 1970) (dismissing complaint where petitioner who had "not stated under what statute he is proceeding" but had "invoke[d] the Constitution of the United States as a ground for his complaint and allege[d] facts which, if proven, would indicate a denial of constitutional rights . . . appear[ed] to be proceeding under the Civil Rights Act, 42 U.S.C. § 1983"). The Court will direct Grajales to file an amended complaint containing, inter alia, "a short and plain statement of the grounds for the court's jurisdiction . . . ," Fed. R. Civ. P. 8(1), no later than ten days from the issuance of the order filed herewith. At such time, the Court will examine the amended complaint to determine whether it has jurisdiction of the subject matter, and, if such jurisdiction is found to be lacking, the Court will dismiss the amended complaint. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). Officer Hutcheson and the Police Department will be permitted thirty days from the filing of the amended complaint in which to file a responsive pleading. See Fed. R. Civ. P. 12(a)(4)(A) (providing that a court may set time for serving a responsive pleading). An order consistent with this memorandum will issue separately.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HENRY GRAJALES JR.,** | : | |
| | : | |
| **Plaintiff** | : | Civil Action No. 1:07-cv-1876 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **OFFICER TIMOTHY HUTCHESON and WEST SHORE REGIONAL POLICE DEPARTMENT,** | : : : | |
| | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, on this 30th day of September, 2008, having given due consideration to Defendants Officer Timothy Hutcheson and the West Shore Regional Police Department's motion to dismiss (Doc. No. 7) Plaintiff Henry Grajales Jr.'s complaint (Doc. No. 1), and for the reasons given in the memorandum filed herewith, **IT IS HEREBY ORDERED THAT**:

1. The motion to dismiss (Doc. No. 7) is **DENIED**;

2. Grajales shall **FILE** an amended complaint no later than ten (10) days from the date of this order. The amended complaint shall contain:
   - (a) a short and plain statement of the grounds for the court's jurisdiction;
   - (b) a short and plain statement of the claim showing that Grajales is entitled to relief; and
   - (c) a demand for the relief sought;

3. Officer Timothy Hutcheson and the West Shore Regional Police Department shall **FILE** a responsive pleading no later than thirty (30) days from the filing of the amended complaint.

   S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania